UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Michael Spicer #611394,

    Plaintiff,

v.

Scott Schooley, Ora Carter, and
Yarnice Strange,

    Defendants.

Case No. 18-12911
Honorable Victoria A. Roberts
Magistrate Mona K. Majzoub

# ORDER DENYING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

Before the Court is Defendants' Motion for Summary Judgment. For the reasons explained, the Court **DENIES** the motion.

## BACKGROUND

Michael Spicer ("Spicer") is a pro se prisoner; he brings this case under 42 U.S.C. § 1983. Spicer alleges Defendants transferred him to a higher custody facility in retaliation for writing a grievance against corrections officer, Officer Botos.

In their Motion for Summary Judgment, Defendants argue: (1) Spicer

failed to exhaust administrative remedies; (2) Spicer failed to state a claim for retaliation; and (3) They are entitled to qualified immunity.

## **SUMMARY JUDGMENT STANDARD**

The moving party seeking summary judgment has the initial burden to "demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Summary judgment is not granted if the nonmoving party presents evidence to show a genuine issue of material fact; the nonmoving party's evidence must be viewed in the most favorable light. *Thaddeus-X v. Blatter*, 175 F.3d 378, 387 (6th Cir. 1999); *Smith v. Campbell*, 250 F.3d 1032, 1036 (6th Cir. 2001).

"[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Celotex*, 477 U.S. at 323. Summary judgment is not granted "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Thaddeus-X*, 175 F.3d at 385 (quoting *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986)).

## **ANALYSIS**

I. **SPICER EXHAUSTED AVAILABLE ADMINISTRATIVE REMEDIES**

Prisoners must exhaust all available administrative remedies before bringing an action under 42 U.S.C. § 1983. Prison Litigation Reform Act, 42 U.S.C. § 1997e(a) (2013). The Supreme Court held "proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." *Woodford v. Ngo*, 548 U.S. 81, 90-1 (2006).

The Michigan Department of Correction's (MDOC) Policy Grievance process requires these steps:

(1) Prior to submitting a written grievance, the grievant shall attempt to resolve the issue with the staff member involved; (2) If the issue is not resolved, the grievant may file a Step I grievance within five business days after the grievant attempted to resolve the issue with appropriate staff; (3) A grievant may file a Step II grievance if dissatisfied with the response received at Step I or if the response was untimely—Step II must be filed within ten business days after receiving Step I response; (4) A grievant may file a Step III grievance

3

if dissatisfied with the response received at Step II or if the response was untimely—Step III must be filed within ten business days after receiving Step II response (ECF No. 17-2, PageID.76-9).

On May 2, 2018, Spicer spoke with shift command about alleged retaliation; the issue remained unresolved. On May 3, 2018, Spicer was transferred from Thumb Correctional Facility ("TCF")—level II—to Earnest C. Brooks Correction Facility ("LRF")—level IV.

On May 14, 2018, Spicer filed a Step I grievance. TCF denied it on June 21, 2018, stating, "[Spicer] had level V points (26) and continued to exhibit behavior that was not conducive to the learning process in the TCF college program" (ECF No. 20, PageID.207). Spicer was not interviewed about the grievance because he was transferred to LRF on May 2, 2018.

Spicer says he did not receive the Step I response until July 9, 2018; then, he filed a Step II grievance. On July 31, 2018, TCF received Spicer's Step II grievance. It was rejected as untimely.

On August 17, 2018, TCF received Spicer's Step III grievance; it was denied on August 23, 2018, because "upon examination it has been determined that [the] issue was in fact considered, investigated, and a proper decision was rendered" (ECF No. 20, PageID.213).

4

Defendants argue Spicer failed to properly exhaust all administrative remedies when he submitted an untimely Step II grievance.

Spicer says his Step II grievance was untimely because he "was unable to get the proper paperwork sent to [him] and resent to TCF due to [him] being at a different facility" (ECF No. 17-3, PageID.90). He cites to section G(4) of MDOC's Policy Grievance: a grievance may be rejected if "filed in an untimely manner. The grievance shall not be rejected if there is a valid reason for the delay; e.g., transfer" (ECF No. 17-2, PageID.75). Defendants did not respond to Spicer's G(4) policy argument.

In *Bradford v. Isard*, the plaintiff was transferred to a different facility before MDOC issued a response to his Step I grievance; the plaintiff "indicated that the reason for the delay in filing was that he had belatedly obtained an appeal form from URF." *Bradford v. Isard*, No. 15-119, 2016 WL 4144248, at *2 (W.D. Mich. 2016). The Court said, "a reasonable jury could find that [Plaintiff's] transfer to a different facility was a valid reason for the delay in filing his Step II grievance and, thus, that the grievance should not have been rejected as untimely." *Id*. *See Hodges v. Corizon*, No. 14-11837, 2015 WL 1511153 (E.D. Mich. 2015) ("[I]t does not appear that any consideration was given as to whether there was a valid reason for Hodges' delay in filing the grievance . . . ."). Spicer's argument is

analogous to *Bradford*; a reasonable jury could find that Spicer had a valid reason for his delay.

Additionally, Defendants bear the burden of production and persuasion regarding exhaustion. *Surles v. Andison*, 678 F.3d 452, 458 (6th Cir. 2012). The Sixth Circuit held "summary judgment is appropriate only if defendants establish the absence of a 'genuine dispute as to any material fact' regarding non-exhaustion." *Surles*, 678 F.3d at 455-56 (quoting *Risher v. Lappin*, 639 F.3d 236, 240 (6th Cir. 2011)). Defendants failed to satisfy this burden by failing to address Spicer's G(4) policy argument.

The Court concludes that Spicer exhausted MDOC's available administrative remedies.

## II. SPICER'S RETALIATION CLAIM RAISES A GENUINE ISSUE OF MATERIAL FACT

It is unconstitutional for officers to retaliate against a prisoner who exercises a constitutional right. *Campbell*, 250 F.3d at 1036-37 (quoting *Thaddeus-X*, 175 F.3d at 394). A First Amendment retaliation claim includes three elements:

(1) the plaintiff engaged in protected conduct; (2) an adverse action was taken against the plaintiff that would deter a person of ordinary firmness from continuing to engage in that conduct; and (3) there is a causal connection between elements one and two—that is, the adverse action was motivated at least in part by the plaintiff's protected conduct.

*Thaddeus-X*, 175 F.3d at 394.

The Sixth Circuit stated, "if a prisoner violates a legitimate prison regulation, he is not engaged in 'protected conduct,' and cannot proceed beyond step one." *Id.* at 395. After the plaintiff establishes that his protected conduct was a motivating factor behind any harm, the burden of production shifts to the defendant. *Id.* at 399. Defendants can survive summary judgment if they can show in the absence of protected activity the same action would occur. *Id.*

The parties agree Spicer satisfied the first two elements of his First Amendment retaliation claim: (1) Spicer engaged in protected conduct when he filed an MDOC grievance, and (2) Spicer's transfer from TCF to LRF constitutes adverse action. The parties disagree on the third element:

whether the "adverse action was motivated at least in part by the plaintiff's protected conduct." *Id.* at 394.

Defendants argue Spicer failed to establish a causal link between filing a grievance and his transfer to LRF. Defendants say Spicer was transferred because he violated MDOC's rules when he used the JPay system to send Securepak items to other prisoners (ECF No. 17-4, PageID.97). JPay allows prisoners to electronically message individuals outside the prison; Securepaks are packages family members and friends send to prisoners.

When Spicer filed a grievance against Botos in April 2018, Spicer alleges that Defendant Schooley told him "Officer Botos is a good officer. It would be best to just sign off the grievance. These mistakes work themselves out. It's in your best interest to just let [the grievance] go." (ECF No.20, PageID.198). In affidavits, Defendant Schooley denies saying this statement; Defendant Carter and Defendant Strange deny hearing this statement. In the end, Spicer went forward with his grievance against Botos.

Defendants also provide a "Security Reclassification Notice" which states "Prisoner has been placed on JPay restrictions for send[ing] multiple

securepacks [sic] to other inmates. He is not suitable for level II at this time." (ECF No. 17-4, PageID.97). This notice was sent to TCF on May 2, 2018.

Spicer says he was not placed on JPay restrictions; he provided evidence of JPay messages he sent from February 2018 to July 2018. Spicer argues these messages show he was not placed on a 60-day JPay restriction. Defendants respond to this evidence stating it is "of no consequence because perhaps the restrictions were inadvertently not activated, or were inadvertently cut short" (ECF No. 21, PageID.230).

If the nonmoving party presents evidence to establish a claim, the moving party is not entitled to summary judgment. *Celotex*, 477 U.S. at 331. "Circumstantial evidence, like the timing of events or the disparate treatment of similarly situated individuals, is appropriate." *Id*. at 400. However, "bare allegations of malice" do not suffice. *Crawford-El v. Britton*, 523 U.S. 574, 575 (1998) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 817-18 (1982)).

Here, a combination of: (1) the timing between when Spicer filed the grievance against Botos and his transfer to LRF; (2) the JPay messages Spicer sent during the alleged 60-day JPay restriction; and (3) Defendant

Schooley's alleged statements presented in Spicer's affidavit, establish a genuine issue of material fact that could support a jury verdict at trial. *Thaddeus-X*, 175 F.3d at 400.

Spicer sufficiently provided evidence to satisfy his First Amendment retaliation claim and to survive Defendants' Motion for Summary Judgment.

### III.   DEFENDANTS ARE NOT PROTECTED BY QUALIFIED IMMUNITY

Qualified immunity "protects all officers in the executive branch of government performing discretionary functions" *Crawford-El*, 523 U.S. at 587 (citing *Scheuer v. Rhodes*, 416 U.S. 232, 245-48 (1974)). The Supreme Court created an objective standard to judge a qualified immunity defense: government officials performing discretionary functions are protected "insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow*, 457 U.S. at 818. "[T]he defendant will be entitled to immunity and immediate dismissal of the suit if he can offer a lawful reason for his action and the plaintiff cannot establish, through objective evidence, that the offered reason is actually a pretext." *Crawford-El*, 523 U.S. at 605.

The parties agree that Spicer's act of filing a grievance is protected conduct under the First Amendment of the Constitution. The issue is whether Defendants violated Spicer's constitutional right when they transferred him to LRF.

Defendants provide a lawful reason for Spicer's transfer—Spicer allegedly violated MDOC's JPay rules. However, Spicer's JPay messages and his affidavit are objective evidence that Defendants may have acted unreasonably. There are genuine issue of material fact as to whether Defendants violated Spicer's constitutional right.

For this reason, Defendants are not protected by qualified immunity.

## **CONCLUSION**

Defendants' Motion for Summary Judgment is **DENIED**.

**IT IS ORDERED**.

s/ Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated: 7/8/19